**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS-KENNETH GROKE,

        Plaintiff,

vs.                      CASE NO. 05-CV-74234-DT
                            HONORABLE BERNARD A. FRIEDMAN
                            CHIEF UNITED STATES DISTRICT JUDGE

MARGARET RYNIER, et. al.

        Defendants,

_____/

<u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>

      Plaintiff is an inmate currently confined at the Ojibway Correctional Facility

in Marenisco, Michigan.  On November 9, 2005, Magistrate Judge R. Steven

Whalen signed an order of deficiency, which required plaintiff to provide an

application to proceed *in forma pauperis.*  Plaintiff was also ordered to provide a

signed certification of his prison trust account from an authorized prison official

and a current computerized trust fund account showing the history of the financial

transactions in plaintiff's institutional trust fund account for the past six months.

Alternatively, the order allowed plaintiff to pay the two hundred and fifty dollar

filing fee in full.  Plaintiff was given thirty days to comply with the order.

      On December 8, 2005, plaintiff provided an application to proceed *in forma*

*pauperis.*  However, plaintiff has failed to provide a signed certification of his

prison trust fund account from an authorized prison official and a copy of his

1

prison trust fund account as required by the deficiency order, nor has he paid the filing fee in full.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Because the case is being dismissed under

2

these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

_____s/Bernard A. Friedman _____
**HON. BERNARD A. FRIEDMAN**
CHIEF UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2006

3